**UNITED STATES of America,**
**Appellant,**

v.

**The MOTORLEASE CORPORATION,**
**Appellee.**

**No. 232, Docket 28470.**

United States Court of Appeals
Second Circuit.

Argued Jan. 28, 1964.

Decided July 15, 1964.

William A. Friedlander, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Dept. of Justice, Washington, D. C., and Robert C. Zampano, U. S. Atty., District of Connecticut, New Haven, Conn., and F. Owen Eagan, Hartford, Conn., on the brief), for appellant.

Norris L. O'Neill, Hartford, Conn., for appellee.

Ellis Lyons, Perlman, Lyons & Emmerglick, Washington, D. C., and Jess S. Raban, Chicago, Ill., for Automotive Leasing Assn. as amicus curiae.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge:

■ The question presented is whether a taxpayer may take a depreciation deduction for the year of sale of a depreciable asset in excess of the amount by which the adjusted basis of the asset at the beginning of the year of sale exceeds the amount realized upon the sale. In other words, may a taxpayer, for example, claim depreciation in excess of $250 when the adjusted basis of the asset at the beginning of the taxable year is $1000 and the asset is sold during the taxable year for $750 at a time when its adjusted basis is $400 in accordance with an already established scale of straight-line depreciation. We hold that in such a case the deduction would be limited to $250.

The Motorlease Corporation, the taxpayer, is a Connecticut corporation engaged in leasing automobiles. After employing them in the leasing operation for a period of from one to two years, Motorlease generally disposes of the automobiles either by sale or trade-in on new automobiles. In three of the years here relevant more than 300 automobiles were disposed of by sale.

Motorlease depreciated the automobiles on a straight-line basis, establishing a depreciation schedule of 2½ percent per month which incorporated an estimate of the useful life of the vehicles in the leasing operation and an estimate of their probable salvage value at the termination of that useful life.

The automobile sales here relevant were of two types: first, where the sale price exceeded the adjusted basis—cost less depreciation already taken—of the automobile at the beginning of the taxable year; and second, where the sale price, though less than the adjusted basis at the beginning of the taxable year, exceeded the adjusted basis of the automobile at the date of sale as computed pro rata according to the established depreciation schedule.

In the taxable years ending September 30, 1957 through September 30, 1960, the taxpayer claimed depreciation deductions for these automobiles in the full amount allowable under its established depreciation schedule, disregarding the amounts received upon sale. The Commissioner of Internal Revenue disallowed as depreciation deductions the amounts in excess of the amount by which the adjusted basis of the automobile at the beginning of the year of sale exceeded the sale price. After payment of the deficiencies, and upon rejection of the required administrative claims for refund, the taxpayer brought suit for refund in the District of Connecticut. On cross motions for summary judgment, Judge Blumenfeld granted the taxpayer's motion. 215 F.Supp. 356 (D.Conn.1963). On the authority of, and for the reasons given in Fribourg Navigation Co. v. Commissioner, 2 Cir., 335 F.2d 15, decided today, we reverse the judgment of the district court and direct that summary judgment be entered in favor of the Commissioner.

■ The taxpayer here relies upon essentially the same Code sections and regulations as were relied upon by the taxpayer in Fribourg. But neither the Code nor the regulations are dispositive of the issue. The question rather is which construction of these sections best comports with the congressional design in establishing the depreciation provisions of the Internal Revenue laws. The transmutation of ordinary income into capital gains is one consequence which these provisions certainly were not designed to encourage. Their design is to prevent a loss to the taxpayer through the unrecovered cost of depreciable assets, not to provide the taxpayer with a profit over and above that cost. Where it may be determined to an absolute certainty that such a profit will result from the allowance of further depreciation, as is the case here, there is no basis in reason or policy to permit the taxpayer to take advantage of what has proved to be an inaccurate estimate of salvage value.

■ The taxpayer emphasizes the apparent inconsistency in the Commissioner's disallowance, on the one hand, of the depreciation deductions here involved and

his refusal, on the other hand, to allow additional depreciation deductions in the case of assets sold below their adjusted basis. The government maintains that this difficulty is obviated by § 1231 of the 1954 Code, but inasmuch as § 1231 applies only to net transactions this remedy is only partial. Whatever may be the merits of the taxpayer's contention, inasmuch as the taxpayer failed to raise this claim in the district court we cannot consider it on this appeal.

The judgment of the district court is reversed. We direct that summary judgment be entered in favor of the government.

WATERMAN, Circuit Judge (dissenting):

I would affirm the district court on the opinion below, 215 F.Supp. 356 (1963) and I therefore respectfully dissent from the order of my brothers directing that court to enter summary judgment in favor of the government.

In a case involving the liability of a taxpayer to pay an income tax it seems a rather strange doctrine that neither the Code nor the regulations are dispositive of the issue of the extent or character of that liability. The court below, in its most careful exposition, first set forth the pertinent statute, 26 U.S.C. § 167(a) authorizing the depreciation deduction, "including a reasonable allowance for obsolescence," then the regulation § 1.167(a)–1 stating how this allowance is permitted to be set aside during the useful life of the asset being depreciated provided the asset is not depreciated below a reasonable salvage value, and then the regulation § 1.167 (a)–1(c) defining "salvage value." After quoting these the judge then held, as it seems obvious to me in view of the government's concessions[1] he was required to hold, that the language of the Code and the regulations permitted this good-faith taxpayer to do precisely what it did do.

I am heartened by the fact that Judge Moore in his dissenting opinion in Fribourg Navigation Co. v. Commissioner, decided this day, joins me in questioning the result my brothers have reached here, and I adopt his reasoning in that case to the extent that his well-considered analysis of the issue in Fribourg is applicable to Motorlease.

1. There was no issue of a taxpayer's fraud or evasion in this case—simply an issue of how an income tax statute and the regulations of the Commissioner pursuant to that statute should be read.

The court below, 215 F.Supp. at 365, makes this very clear:

"In open court, at the time of the hearing on these motions, the government admitted that the plaintiff's estimate of useful life was reasonable, that its estimate of salvage value was reasonable, and that its method of computing its depreciation was proper. It does not make any claim that the method of depreciation used by the taxpayer was improper or that there was any unreasonable, mistaken or improper use of any element in the method adopted by the taxpayer."